[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13691

Non-Argument Calendar

_____

SHAVONDRIA L. JACKSON,

Plaintiff-Appellant,

*versus*

EAST COAST MIGRANT HEAD START PROJECT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cv-00237-JB-MU

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRASHER, Circuit Judges.

PER CURIAM:

Shavondria Jackson appeals *pro se* the summary judgment in favor of East Coast Migrant Head Start Project and against her complaint alleging sex and pregnancy discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and disability discrimination and retaliation under the Americans with Disabilities Act of 1990. East Coast moves for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review a grant of summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). A *pro se* appellant abandons an issue on appeal by presenting it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). And we will not consider an issue raised for the first time on appeal absent extraordinary

circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

East Coast is entitled to summary affirmance. Jackson argues that East Coast engaged in discovery violations, but we will not consider this issue because it was not raised in the district court. *See id.* Jackson also has abandoned any arguments that the district court erred by finding that she received a settlement offer and in ruling on discovery objections because she referred to these matters only in passing in her statement of issues. *See Sapuppo*, 739 F.3d at 681. Aside from conclusory assertions, Jackson's brief does not contain any substantive arguments explaining why the district court erred in granting summary judgment. *See id.* Jackson failed to respond to the motion for summary judgment in the district court, and we need not consider the affidavits she presents with her brief because she did not present that evidence in the district court. *See Access Now*, 385 F.3d at 1331–32. Because East Coast's position that Jackson abandoned or forfeited her arguments on appeal is "clearly right as a matter of law," we grant its motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**